IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LANDON JAMES VEAL by and through his
General Guardian JOANNE PALMER                                                      PLAINTIFF

VS.                                                   CIVIL ACTION NO.: 3:19-cv-485-CWR-FKB

HINDS COUNTY, MISSISSIPPI,
SHERIFF VICTOR MASON, in His Individual Capacity
as Sheriff of Hinds County, Mississippi,
and JOHN AND JANE DOES 1 – 100                                                   DEFENDANTS

## HINDS COUNTY, MISSISSIPPI AND SHERIFF
## VICTOR MASON'S ANSWER TO PLAINTIFF'S COMPLAINT

Comes now, Hinds County, Mississippi and Sheriff Victor Mason, by and through counsel, and in response to Plaintiff's Complaint, would show as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

### THIRD DEFENSE

Sheriff Victor Mason is entitled to qualified immunity as to the claims asserted against him in his individual capacity. More specifically, Sheriff Mason would affirmatively aver that the Plaintiff's Complaint fails to allege a violation of a clearly

established constitutional right and that, at all times, his conduct was objectively reasonable.

## FOURTH DEFENSE

Answering defendants specifically assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

## FIFTH DEFENSE

Insofar as any state law claims are concerned, the answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

## SIXTH DEFENSE

Answering defendants deny that they have been guilty of any actionable conduct.

## SEVENTH DEFENSE

## ADMISSIONS AND DENIALS

And now, without waiving any defense heretofore or hereinafter set forth, answering defendants respond to the allegations of Plaintiff's Complaint, paragraph by paragraph as follows:

## COMPLAINT

1. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 1 of Plaintiff's Complaint and, as such, deny the same.

## JURISDICTION AND VENUE

2. Without waiving any limitations, restrictions or immunities, answering defendants admit this Court has jurisdiction over this matter as it asserts a federal claim. Answering defendants deny the remaining allegations of paragraph 2 of Plaintiff's Complaint.

3. Without waiving any limitations, restrictions or immunities, answering defendants admit venue is proper in this matter. Answering defendants deny the remaining allegations of paragraph 3 of Plaintiff's Complaint.

## PARTIES

4. Answering defendants admit that Veal was incarcerated in the Hinds County Detention Center. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 4 of Plaintiff's Complaint pertaining to his guardian and, as such, deny the same. Answering defendants deny the remaining allegations of paragraph 4 of Plaintiff's Complaint.

5. Answering defendants admit that Hinds County is located within the Southern District of the United States District Court, Northern Division and that it operates the Hinds County Detention Center in Raymond ("RDC") in Raymond, Mississippi pursuant to state law. Furthermore, answering defendants admit that Eddie

Jean Carr is the Hinds County Chancery Clerk who serves as the Clerk for the Board of Supervisors. Answering defendants deny the remaining allegations of paragraph 5 of Plaintiff's Complaint, as stated.

6. Answering defendants admit that Victor Mason is the duly elected Sheriff of Hinds County, Mississippi and as the chief law enforcement officer for the County, is a policy maker for certain aspects of law enforcement in the County. Answering defendants further admit that Sheriff Mason has knowledge regarding certain proceedings in connection with a consent decree pertaining to the Raymond Detention Center. Answering defendants deny the remaining allegations of paragraph 6 of Plaintiff's Complaint, as stated.

7. Answering defendants deny the allegations of paragraph 7 of Plaintiff's Complaint.

**FACTS**

8. Answering defendants admit that on September 18, 2018, Veal was incarcerated at the RDC and that he was attacked by inmates. Answering defendants lack information sufficient to make a determination as to the truth of the remaining allegations of paragraph 8 of Plaintiff's Complaint and, as such, deny the same.

9. Answering defendants admit that the RDC is comprised of three pods: A, B, and C and that each pod has guard tower and four (4) housing units numbered 1, 2, 3, and 4. Answering defendants further admit that each housing unit has officers assigned. Answering defendants deny the remaining allegations of paragraph 9 of Plaintiff's Complaint, as stated.

10. Answering defendants admit that locking mechanisms on cell doors at the RDC have failed to function properly from time to time. Answering defendants deny the remaining allegations of paragraph 10 of Plaintiff's Complaint.

11. Answering defendants admit Plaintiff has obtained surveillance video from the RDC for September 18, 2018. Answering defendants deny the remaining allegations of paragraph 11 of Plaintiff's Complaint.

12. Answering defendants deny the allegations of paragraph 12 of Plaintiff's Complaint.

13. Answering defendants admit that Plaintiff was knocked to the ground, struck by fellow inmates and that the assault lasted minutes. Answering defendants deny the remaining allegations of paragraph 13 of Plaintiff's Complaint, as stated.

14. Answering defendants deny the allegations of paragraph 14, as stated.

15. Answering defendants admit Plaintiff was provided medical care. Answering defendants deny the remaining allegations of paragraph 15 of Plaintiff's Complaint, as stated.

16. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 16 of Plaintiff's Complaint and, as such, deny the same.

17. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 17 of Plaintiff's Complaint and, as such, deny the same.

18. Answering defendants admit the allegations of paragraph 18 of the Plaintiff's Complaint.

19. Answering defendants deny the allegations of paragraph 19 of the Plaintiff's Complaint, as stated.

20. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 20 of Plaintiff's Complaint and, as such, deny the same.

21. Answering defendants deny the allegations of paragraph 21 of Plaintiff's Complaint.

22. Answering defendants would state that the report speaks for itself. Answering defendants deny the allegations of paragraph 22 of Plaintiff's Complaint.

23. Answering defendants admit the DOJ instituted an investigation and published a report. Answering defendants deny the allegations of paragraph 23 of the Plaintiff's Complaint.

24. Answering defendants admit the County entered into a Consent Decree. The Consent Decree speaks for itself. Answering defendants deny the remaining allegations of paragraph 24 of the Plaintiff's Complaint.

25. Answering defendants admit that during the course of monitoring the consent decree a number of hearings have been held. Answering defendants lack information sufficient to make a determination as to the truth of the remaining allegations of paragraph 25 of the Plaintiff's Complaint and, as such, deny the same.

26. Answering defendants admit the Court appointed monitor issued a report. Answering defendants deny the allegations of paragraph 26 of the Plaintiff's Compliant.

27. Answering defendants admit the Court appointed monitor issued a report. Answering defendants deny the allegations of paragraph 27 of the Plaintiff's Complaint.

28. Answering defendants admit the Court appointed monitor issued a report. Answering defendants deny the allegations of paragraph 28 of the Plaintiff's Compliant.

**1983 CAUSES OF ACTION:**
**EIGHTH AND FOURTEENTH AMENDMENT VIOLATIONS:**
**PROTECTION FROM HARM AND DANGEROUS CONDITIONS OF CONFINEMENT**

29. Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-28 hereinabove as if the same were specifically set out herein.

30. Answering defendants deny the allegations of paragraph 30 of Plaintiff's Complaint.

31. Answering defendants deny the allegations of paragraph 31 of Plaintiff's Complaint, including subparagraphs a-n.

32. Answering defendants deny the allegations of paragraph 32 of Plaintiff's Complaint.

## EPISODIC ACTS OR OMISSIONS

33. Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-32 hereinabove as if the same were specifically set out herein.

34. Answering defendants deny the allegations of paragraph 34 of Plaintiff's Complaint.

35. Answering defendants deny the allegations of paragraph 35 of Plaintiff's Complaint.

36. Answering defendants deny the allegations of paragraph 36 of Plaintiff's Complaint.

37. Answering defendants deny the allegations of paragraph 37 of Plaintiff's Complaint.

38. Answering defendants deny the allegations of paragraph 38 of Plaintiff's Complaint.

39. Answering defendants deny the allegations of paragraph 39 of Plaintiff's Complaint.

40. Answering defendants deny the allegations of paragraph 40 of Plaintiff's Complaint.

## RATIFICATION

41. Answering defendants deny the allegations of paragraph 41 of Plaintiff's Complaint.

42. Answering defendants deny the allegations of paragraph 42 of Plaintiff's Complaint.

## PUNITIVE DAMAGES

43. Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-42 hereinabove as if the same were specifically set out herein.

44. Answering defendants deny the allegations of paragraph 44 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Answering defendants deny each and every allegation contained therein, including subparagraphs A-F, and would affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

## EIGHTH DEFENSE

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

## NINTH DEFENSE

Answering defendants aver that they have met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incidents in question.

**TENTH DEFENSE**

Answering defendants allege that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned. Additionally, answering defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendant for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

**TWELTH DEFENSE**

Answering defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent applicable.

**THIRTEENTH DEFENSE**

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

**FOURTEENTH DEFENSE**

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

**FIFTEENTH DEFENSE**

Any allegation which is not specifically admitted hereinabove is hereby denied.

And now, having answered the Complaint filed against them, answering defendants request that the same be dismissed and that they be discharged with costs assessed against the Plaintiff.

**DATE:** **September 10, 2019.**

>Respectfully submitted,
>
>**HINDS COUNTY, MISSISSIPPI AND SHERIFF VICTOR MASON**
>
>By: */s/ William R. Allen*
>    One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
Email: wallen@aabalegal.com
Email: jmalone@aabalegl.com

## **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for Defendants, hereby certify that on this day, I electronically filed the foregoing Answer to Plaintiff's Complaint with the Clerk of the Court via the ECF system which gave notification of the same to the following:

>Charles R. Mullins, Esq.
>Coxwell & Associates, PLLC
>P.O. Box 1337
>Jackson, MS 39215-1337
>chuckm@coxwelllaw.com

>Aafram Sellers, Esq.
>Sellers & Associates, PLLC
>395 Edgewood Terrace Drive
>Jackson, MS 39206
>aafram@sellerslawfirm.net

This the 10th day of September, 2019.

>*/s/ William R. Allen*
>OF COUNSEL